UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JERMAINE KEITH,

        Petitioner,        Civil No. 14-13340
                                    Honorable Terrence G. Berg

v.

CARMEN PALMER,

        Respondent.
_____/

**ORDER TRANSFERRING PETITIONER'S MOTION PURSUANT TO FED. R. CIV. P. RULE 60(b)(4) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT (DKT. 17)**

On March 31, 2015, the Court dismissed Michigan state prisoner Jermaine Keith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, because it was not timely filed. The Court also denied a certificate of appealability. (Dkt. 10). Petitioner filed an application for certificate of appealability in the Sixth Circuit Court of Appeals. On September 29, 2015, the Court of Appeals denied the application. (Dkt. 16). Now before the Court is Petitioner's Motion Pursuant to Fed. R. Civ. P. Rule 60(b)(4). For the reasons set forth below, the Court transfers the motion to the Sixth Circuit Court of Appeals for consideration as an application to file a second or successive 28 U.S.C. § 2254 petition. *See* 28 U.S.C. §§ 1631, 2244(b); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner was convicted of assault with the intent to commit murder, four counts of felonious assault, and possession of a firearm during the commission of a felony in Wayne County Circuit Court. The Michigan Court of Appeals affirmed his

1

convictions, *People v. Keith*, No. 278573, 2008 WL 2938787 (Mich. Ct. App. July 31, 2008), and the Michigan Supreme Court denied his application for leave to appeal. *People v. Keith*, No. 137302, 482 Mich. 1701 (Mich. Nov. 25, 2008). Petitioner filed a habeas petition on August 21, 2014. This Court granted the Respondent's motion for summary judgment, holding that the petition was untimely, that Petitioner was not entitled to tolling of the limitations period, and that he had not shown a viable claim of actual innocence. Petitioner has now filed a Rule 60(b)(4) motion for relief from judgment, arguing that the state judgment of conviction was void for want of jurisdiction because he was denied his Sixth Amendment right to counsel during his appearance before a state magistrate judge for arraignment.

Rule 60(b) motions are subject to the restrictions that apply to "second or successive" habeas corpus petitions if the movant asserts a claim of error in his state conviction. *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). In *Gonzalez*, the Supreme Court explored the difference between a true Rule 60(b) motion and an unauthorized second or successive habeas corpus petition. The Supreme Court explained that an applicant presents a "claim" under 28 U.S.C. § 2244 if the motion "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the [applicant] is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. By contrast, a true Rule 60(b) motion, instead, "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal

habeas proceedings." *Id*. Petitioner's § 2254 petition did not challenge the state trial court's jurisdiction over his state criminal proceedings. Therefore, this claim constitutes a new ground for relief that is subject to the gatekeeping requirements of § 2244(b)(2). *See id*. at 530-32.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals from an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Without advance authorization, a district court in the Sixth Circuit must transfer the petition or motion to the Sixth Circuit Court of Appeals. *Sims*, 111 F.3d at 47.

Accordingly, the Court **ORDERS** the Clerk of the Court to **TRANSFER** Petitioner's Motion Pursuant to Fed. R. Civ. P. Rule 60(b)(4) (Dkt. 17) to the United States Court of Appeals for the Sixth Circuit as required by 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED**.

Dated: July 18, 2016                             s/Terrence G. Berg
                                                 TERRENCE G. BERG
                                                 UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on July 18, 2016, using the CM/ECF system; a copy of this Order was also mailed to the Chippewa Correctional Facility, 4269 W. M-80, Kincheloe, MI 49784 directed to Petitioner's attention.

                                                 s/A. Chubb
                                                 Case Manager